450

Disciplinary board docket nos. 22 D.B. 79 and 33 D.B. 83.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

ECKELL, *Vice Chairman,* June 21, 1993—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

The petitioner, [     ], was disbarred by order of the Supreme Court dated June 21, 1983, for reasons set forth in *Office of Disciplinary Counsel v. [Petitioner], No. 33 D.B. 83.*

The misconduct which led to petitioner's disbarment included embezzlement of $60,000 of settlement funds of personal injury litigants. On June 27, 1991, petitioner filed his first petition for reinstatement. That petition failed to contain necessary information regarding record

judgments against the petitioner. The petition to reinstate was withdrawn when this deficit was brought to the attention of petitioner's counsel by disciplinary counsel.

The present petition for reinstatement was filed February 18, 1992. The deficiencies of the first petition for reinstatement were corrected and all of the appropriate pending or prior lawsuits relating to the misconduct of the petitioner were appropriately included.

Hearing Committee [ ] of [ ] County was appointed to hear the petition for reinstatement and a hearing was held on June 12, 1992 before two members of the Hearing Committee, [ ], Esquire (chairman) and [ ], Esquire. The presence of the third member of the committee was duly waived by both parties. On February 9, 1993, Hearing Committee [ ] filed its report, recommending that reinstatement be granted.

On March 1, 1993, the Office of Disciplinary Counsel filed its brief on exceptions to report of the Hearing Committee and on March 18, 1993, petitioner filed his brief in opposition to exceptions of the Office of Disciplinary Counsel.

The matter was adjudicated at the April 23, 1993 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

(1) Petitioner was born May 2, 1940 in [ ], Pennsylvania. He was admitted to the Pennsylvania Bar in November, 1965. (Petition for reinstatement.)

(2) Petitioner is a graduate of the University of [ ], earning a B.A. degree in 1961 and a graduate of the [ ] Law School in May 1965. (Petition for reinstatement.)

(3) Petitioner began his career as an attorney with the firm of [A] in [    ], followed by service as a claims attorney for the [B] Company through 1976, thereafter one year as a litigation attorney with the law firm of [C] in [    ]. At the time of his suspension, which he was serving when he was disbarred, petitioner was a litigation attorney with the law firm of [D] having commenced that position in 1977 ending it with his suspension in February of 1981. (Petition for reinstatement.)

(4) During the time he was employed by [D] petitioner embezzled proceeds of personal injury settlements which led to his disbarment.

(5) The suspension petitioner was serving at the time of his disbarment was a 42 month suspension ordered by the Supreme Court of Pennsylvania on January 22, 1981. He was suspended for violations of D.R.1-102(A)(4), D.R.1-102(A)(5), D.R.1-102(A)(6), D.R.6-101(A)(3), D.R.7-101(A)(1), D.R.7-101(A)(2), and D.R.7-101(A)(3). The underlying action for such suspension was petitioner's failure to file a complaint in a personal injury action within the time required by the statute of limitations, failure to advise his clients about his omission, lying to his clients about the status of their cases, falsely telling them that their cases had been settled for a specific sum of money, and tendering false and fraudulent releases to them. (No. 22 D.B. 79.)

(6) The first prong of the *"Keller [infra]* threshold" has been met and the Office of Disciplinary Counsel agrees. (Brief of disciplinary counsel, p. 8.)

(7) Petitioner has satisfied the requirement of maintaining his knowledge of the law in that he has the requisite current skills to resume the practice of law. (N.T. 25.)

(8) Petitioner has made restitution to the [D] firm of the $60,000 which led to his disbarment. Restitution was made in the form of a cash payment of $15,000 plus the relinquishment of any rights petitioner had to referral fees for work he originated for the [D] firm. (N.T. 38.)

(9) Petitioner has demonstrated he possesses the requisite moral qualifications to resume the practice of law.

(10) Petitioner consulted with a psychologist, who enabled him to realize the source of his problems of stealing and lying and enabled him to overcome that mental deficiency so that any further repetition is highly unlikely. (N.T. 34, and testimony of the psychologist.)

(11) Immediately following his disbarment, petitioner spent two to three years at home as a recluse considering suicide, doing no work, helping with the household chores, and watching television extensively. (N.T. 17.)

(12) After commencing psychotherapy, petitioner's self-image improved, he obtained a job digesting cases for the [E]. (N.T. 17, 18.)

(13) In 1989, petitioner became a non-certified substitute teacher for the school district of [   ] and worked towards obtaining his master's degree in education at [   ] University. (N.T. 19-21.)

(14) In 1989, petitioner commenced work as a paralegal for [F], Esquire, by whom he is presently employed. (N.T. 21.)

(15) Petitioner served as a little league coach and commissioner, and as member of the board of directors of [G], a halfway house for recovering drug and alcoholic women in [   ] County. Petitioner actually guided [G] from potential bankruptcy to a thriving and expanding recovery institution. (N.T. 23, 24.)

(16) Petitioner attended the Pennsylvania Bar Institute educational programs certified by the Disciplinary Board as appropriate for reinstatement to the bar. (N.T. 27.)

(17) Numerous private witnesses testified to the petitioner's present good reputation.

## III. CONCLUSIONS OF LAW

(1) The misconduct for which petitioner was disbarred is not so egregious as to preclude immediate consideration of his petition for reinstatement.

(2) Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency, and learning in the law necessary to practice in the Commonwealth of Pennsylvania.

(3) Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar, nor subversive to the interests of the public.

## IV. DISCUSSION

The inquiry into petitioner's fitness for reinstatement is a two-step process. First, the Disciplinary Board must determine whether the conduct for which petitioner was disbarred is so egregious as to preclude his reinstatement at this time. That inquiry demands an analysis of whether a sufficient length of time has evolved since the acts of misconduct occurred during which the petitioner has engaged in a qualitative period of rehabilitation. See *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). Assuming petitioner prevails on that issue, the next question is whether he possesses the moral qualifications and learning in the law necessary to merit readmission to the Pennsylvania Bar. Rule 203, Pa.R.D.E. It is petitioner's burden to prove

by clear and convincing evidence, that he has the moral qualifications and learning in the law necessary to resume practice. Petitioner must further prove that his resumption of practice will not be detrimental to the integrity of the bar, nor subversive to the interests of the public. Rule 218(c)(3)(i), Pa.R.D.E.

Both parties have agreed that petitioner has met the first prong necessary for consideration for reinstatement. The Disciplinary Board finds no reason to disagree with petitioner and disciplinary counsel on this issue. Although petitioner was disbarred by order dated June 21, 1983, he has in effect not been practicing law since January 22, 1981 when he was suspended for 24 months. The disbarment occurred during the suspension. Therefore, petitioner has been out of the practice of law slightly in excess of 12 years. A sampling of other Pennsylvania reinstatement cases, while not a mandate for the ideal duration of a disbarment, illustrates that the length of disbarment is subjective and based upon the petitioner's rehabilitation. See *Office of Disciplinary Counsel v. [H] No. 26 D.B. 81,* 7 D.&C.4th 260 (1990). (This was also a 12 year disbarment.)

In the instant matter, petitioner's 12 year absence from the bar included a period of several years of total inactivity. However, thereafter, petitioner actively sought psychological counseling to ascertain the cause of the problems which led him to the disbarring activity, namely, embezzlement. He also accepted total responsibility for his impropriety, clearly pronounced his remorse, and had no apparent difficulty in admitting that he had been a liar and a thief. He was apologetic for that conduct and certainly impressed the board with having come to grips with his deficiencies.

During the period of his disbarment, he overcame his mental problems, and administered a non-profit or-

ganization in an exemplary fashion. He served as a teacher, improved his education, and generally seemed to pull himself out of the quagmire which had originally caused his fall. He has also undertaken a paralegal position in which he has become a productive wage earner, contributing to his family's well-being. Therefore, his acceptance of responsibility, admission of wrongdoing, remorse, coupled with community work and gainful employment, all evidence the qualitative period of rehabilitation petitioner has participated in since his disbarment.

Having determined that petitioner engaged in a meaningful, lengthy effort to rehabilitate himself, we conclude that his present reinstatement would not pose a threat to the integrity of the bar, or interests of the public. See *Office of Disciplinary Counsel v. Keller, supra; In re [I] No. 18 D.B. 78,* 49 D.&C.3d 298 (1986); and Rule 218(c)(3)(i), Pa.R.D.E.

The next point of inquiry is whether petitioner possesses the moral character necessary to resume the practice of law in the Commonwealth of Pennsylvania as required by Rule 218(c)(3)(i), Pa.R.D.E. The petitioner in the *[J]* case bore the burden of proving his moral fitness through the presentation of testimony of numerous attorneys. *Office of Disciplinary Counsel v. [J], Nos. 4 and 35 D.B. 79,* 5 D.&C.4th 557 (1989). The petitioner in *[I]* presented similar attestation to his moral integrity as part of his successful bid for reinstatement. *In re [I] No. 18 D.B. 78, supra.*

Petitioner has presented similar favorable character testimony from various witnesses, and has amply demonstrated his wholehearted commitment to rehabilitation. It must be noted that the Office of Disciplinary Counsel has objected to petitioner's reinstatement on the grounds he is morally unfit to practice law. This

issue is, in this case, almost exclusively one of credibility of the witnesses. The Hearing Committee which had the benefit of hearing live testimony accepted the credibility of petitioner's evidence through his witnesses. Upon a close and careful analysis of the record, the board finds no reason to disapprove of the Hearing Committee's conclusion in that regard. The board is of the opinion that to deny this petitioner reinstatement is to say that a former liar and thief cannot be rehabilitated. The Office of Disciplinary Counsel did not present any affirmative evidence of petitioner's lack of rehabilitation or that he is presently a "liar or thief" with one exception. That exception is the omission of critical information on the first petition for reinstatement which was withdrawn.

The board, however, is satisfied with petitioner's explanation of that omission. Petitioner's psychologist testified that petitioner's failure to remember these instances was consistent with his then mental state. No expert testimony contravening that observation is found in the record. We therefore conclude petitioner has met his burden of proving he has the moral qualifications required to practice law in the Commonwealth of Pennsylvania.

The board is also satisfied that petitioner has demonstrated by clear and convincing evidence that he possesses learning in the law. (Rule 218(c)(3)(i), Pa.R.D.E.) Petitioner presented noncontroverted evidence that during the period of his disbarment, he has kept abreast of the law through his performance of legal research as a paralegal, reading of the Pennsylvania Reporter advance sheets, and attendance at appropriate educational seminars. Petitioner has therefore maintained the requisite learning in the law.

458

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that the petition for reinstatement be granted.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of said petition for reinstatement.

Mr. Saltz recused himself.

Board Members Hill, Lieber and Flaherty did not participate in the adjudication.

## ORDER

And now, July 22, 1993, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated June 21, 1993, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.